PLUMBERS AND PIPEFITTERS LO-CAL 51 PENSION FUND, Individual-ly and on Behalf of All Others Simi-larly Situated, Plaintiff,

v.

FIRST BANCORP., Angel Alvarez–Perez and Annie Astor–Carbonell, Defendants.

Gerald Thompson, Individually and on Behalf of All Others Similarly Situated, Plaintiff,

v.

First Bancorp., Angel Alvarez–Perez and Annie Astor–Carbonell, Defendants.

Pamela J. Carnicelli, on behalf of herself and all others similarly situated, Plaintiff,

v.

First Bancorp., Angel Alvarez–Perez, and Annie Astor–Carbonell, Defendants.

Nos. 05 Civ. 9379(JSR), 05 Civ. 9700(JSR), 05 Civ. 10186(JSR).

United States District Court, S.D. New York.

Jan. 14, 2006.

David Avi Rosenfeld, Samuel Howard Rudman, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, Melville, NY, Linda P. Nussbaum, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., for Plaintiff.

Richard William Slack, Weil, Gotshal & Manges LLP, Matthew Terrence McLaughlin, Venable LLP, Catherine A. Torell, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Jeffrey Charles Zwerling, Zwerling, Schachter & Zwerling, New York, NY, for Defendants.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Pending before the Court in these con-solidated class actions are the motions of Plumbers and Pipefitters Local 51 Pension Fund (the "Pension Fund"), plaintiff in 05 Civ. 9379, and of Robert Fox and Marquita McLaughlin, plaintiffs in a parallel action pending in Puerto Rico entitled *Fox v. First BanCorp,* 05 Civ. 2148, to be appoint-ed lead plaintiff(s) for all these actions

pursuant to 15 U.S.C. § 78u–4(a)(3)(B).[1] Under the unusual circumstances here presented, the Court concludes that all three proposed lead plaintiffs should be appointed co-lead plaintiffs and that their respective counsel should function as co-lead counsel in the prosecution of the class action.

While there may well be class members with greater losses than any of these proposed plaintiffs, the losses that Fox and McLaughlin allegedly sustained—on the order of $30,045 and $169,200, respectively—are considerably larger than the loss allegedly sustained by the Pension Fund, which is less than $2,000. Thus, under the Private Securities Litigation Reform Act ("PSLRA"), Fox and McLaughlin begin with a presumption in favor of their appointment. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb). However, after conducting in-court interviews of Fox and McLaughlin, the Court became acutely aware that McLaughlin has very little investment expertise and virtually no prior experience with litigation of this kind. Moreover, her First BanCorp holdings were limited to preferred stock. Although Dr. Fox has more relevant experience, his investment in First BanCorp occurred under circumstances that may give rise to "special defenses" in his case.[2] The Court therefore has a substantial concern whether McLaughlin and Fox, jointly or severally, can entirely fulfill the important lead plaintiff functions contemplated by the PSLRA.

On the other hand, while the Pension Fund has the expertise to prosecute the litigation in the manner contemplated by the PSLRA, *see In re Razorfish,* 143 F.Supp.2d 304, 309 (S.D.N.Y.2001), the small size of its loss may diminish its incentive to carry out that function vigorously. Also, there are special defenses that may be raised against the Pension Fund different from those that may be raised against Fox and McLaughlin.[3]

The Court has no doubt, however, that the combination of Fox, McLaughlin, and the Pension Fund could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner. Nor does the Court have any doubt that their respective, highly experienced and able counsel could work together to fulfill the role of co-lead counsel without duplication or needless expense.

Accordingly, the Court hereby appoints Fox, McLaughlin, and the Pension Fund as co-lead plaintiffs and their respective counsel as co-lead plaintiffs' counsel. The action shall proceed in accordance with the schedule previously set by the Court.

SO ORDERED.

---

1. Presently pending before the Multi–District Litigation Panel are motions to bring the New York and Puerto Rican actions together in a single court.

2. The transcript of a portion of the proceedings on January 13, 2006 in which the Court, among other things, explored the legal adequacy of the various proposed plaintiffs in connection with special defenses that might arise with respect to each of them has been filed under seal, so as not to give defense counsel the benefit of the various plaintiffs' work product and strategy.

3. Although far less material to the instant determination, the Court also notes that the retainer agreement between the Pension Fund and its counsel is somewhat less favorable to the client and to the efficient prosecution of this action than the much more tightly written agreement between McLaughlin and her counsel. The two agreements will be filed under seal.